**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.  04-175** |
| **ALVIN DUNSTON** | : | |


**GOVERNMENT'S SENTENCING MEMORANDUM**


The United States of America, by its attorneys, Patrick L. Meehan, United States

Attorney for the Eastern District of Pennsylvania, and Robert E. Goldman, Assistant United

States Attorney for the District, hereby submits its sentencing memorandum in the above

captioned case.

**I.    Introduction**.

The defendant is charged in a five-count Indictment with: the delivery of crack

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); the possession of crack cocaine

with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); the

possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(B); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c);  and the possession of a firearm by a convicted felon, in violation of 18

U.S.C. § 922 (g).  On May 27, 2004, Dunston pled guilty to the indictment pursuant to a written

plea agreement with the government.

**II.    Penalty**.

The maximum penalties to which the defendant can be sentenced are as

follows:

Count One (Distribution of crack cocaine: life imprisonment, $4,000,000 fine, 5 years up to lifetime supervised release, and $100 special assessment.  There is a ten year mandatory minimum term of imprisonment.

Counts Two and Three (Possession with intent to distribute crack and powder cocaine): 40 years imprisonment, $2,000,000 fine, 5 years up to lifetime supervised release, and $100 special assessment.  There  is a five year mandatory minimum term of imprisonment.

Count Four (Possession of firearm in furtherance of drug trafficking): mandatory 5 years to life sentence, a $250,000 fine, 3 years up to lifetime supervised release, and $100 special assessment.

Count Five (Felon in possession of firearm):10 years imprisonment, $250,000 fine, 3 years supervised release, and $100 special assessment.

**Total Maximum Sentence**:

Life imprisonment, $8,500,000 fine, 5 years up to lifetime supervised release, and $500 special assessment.  There is a ten year mandatory minimum term of imprisonment on the drug offenses to be followed by at least a mandatory consecutive 5 years on the 924(c) count.

### III.    Guideline Range.

The government agrees with the probation officer that the Offense Level is 31 with a criminal history category of V.  The guideline range for imprisonment is 168 to 210 months. With the mandatory minimum consecutive 5 years imprisonment on Count Four, the total guideline for imprisonment is 228 to 270 months.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the United

States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in

Blakely v. Washington, 124 S. Ct. 2531 (2004).  The Court determined that a mandatory system

in which a sentence is increased based on factual findings by a judge violates the right to trial by

jury.  As a remedy, the Court severed and excised the statutory provision making the Guidelines

mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory."

Booker, 125 S. Ct. at 757.  This ruling results in a system in which the sentencing court, while

informed by the Guidelines, may impose any sentence within the statutory maximum penalty for

the offense of conviction.  The sentence will be subject to review by the Court of Appeals for

"unreasonableness."  Id. at 765.

In the wake of Booker, this Court must make a correct calculation under the existing

Sentencing Guidelines, and then consider the final guideline calculation when determining the

sentence to be imposed.  As is plainly set forth in Booker, the Guidelines sentence is not to be

based solely on facts found by a jury beyond a reasonable doubt.  See United States v. Crosby,

397 F.3d 103, 115 (2d Cir. 2005) ("a sentencing judge would * * *  violate section 3553(a) by

limiting consideration of the applicable Guidelines range to the facts found by the jury or

admitted by the defendant, instead of considering the applicable Guidelines range, as required by

subsection 3553(a)(4), based on the facts found by the court."); see also United States v. Mares,

2005 WL 503715, at *7 (5th Cir. Mar. 4, 2005) (Booker contemplates that, with the mandatory

use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from

finding all facts relevant to sentencing.  The sentencing judge is entitled to find by a

preponderance of the evidence all the facts relevant to the determination of a Guideline

3

sentencing range and all facts relevant to the determination of a non-Guidelines sentence.").[1]

Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the

Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at

767; see also United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005) ("[t]he applicable

Guidelines range is normally to be determined in the same manner as before Booker/Fanfan.").[2]

Once the sentencing guideline range is determined by the court at sentencing, the

government will move to depart below the sentencing guideline range and below the statutory

mandatory minimum, based on the defendant's substantial assistance in the investigation of

others as set forth in the government's motion for departure.

---

[1]  The Ninth Circuit in United States v. Ameline, 2005 WL 350811, at *7 n.7 (9th Cir. Feb. 10, 2005), left open the question of whether the remedial opinion in Booker affects the standard of proof under the Sentencing Guidelines.  The government strongly believes that the standard of proof remains the same after Booker as it was before.  See Mares, 2005 WL 503715, at *7 ("The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."); Crosby, 397 F.3d at 112 ("The applicable Guidelines range is normally to be determined in the same manner as before Booker/Fanfan. Moreover, * * * the [Supreme] Court in its Remedy Opinion contemplates that, with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection.").

[2]  The courts of appeals have generally stated that the proper sentencing procedure after Booker is for the district court first to calculate the Guidelines sentence and then to consider the other factors listed in 18 U.S.C. § 3553(a).  See, e.g., Crosby, 397 F.3d at 111, 112 ("In order to fulfill this statutory duty to "consider" the Guidelines, a sentencing judge will normally have to determine the applicable Guidelines range. * * * .   Once an applicable Guidelines range has been determined, the sentencing judge will have the duty, imposed by subsection 3553(a)(4), to 'consider' it, along with all of the factors listed in section 3553(a)."); United States v. Hughes, 396 F.3d 374, 378-79 (4th Cir. 2005) ("Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence.").

**IV.    Recommendation**.

The government has no objection to the presentence report and is not aware of any

objection by the defendant.  It appears that there are no contested issues for sentencing.  The

government respectfully requests that the Court impose an appropriate period of incarceration to

reflect the serious nature of the offenses committed and consideration of the cooperation

provided by the defendant to the government.


                                        Respectfully submitted,


                                        PATRICK L. MEEHAN
                                        United States Attorney



                                        _____
                                        ROBERT E. GOLDMAN
                                        Assistant United States Attorney



Dated: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing

Memorandum has been served by first class mail upon:

Douglas J. Tkacik, Esquire
18 East Market Street
Bethlehem, PA 18016


_____
ROBERT E. GOLDMAN
Assistant United States Attorney



Date:  _____